JEREMY KNUTSON,

        Plaintiff,

      v.                         Case No. 26-CV-103

BROWN COUNTY JAIL et al.,

        Defendants.

## DECISION AND ORDER

Plaintiff Jeremy Knutson is representing himself in this 42 U.S.C. § 1983 case. Plaintiff currently has three other cases pending in this Court. *See* Case Nos. 25-CV-1690, 26-CV-65, 26-CV-435 (E.D. Wis.). On April 13, 2026, an order in Case No. 26-CV-65 was returned to the Court as undeliverable with notice that Plaintiff was no longer confined at the Brown County Jail. The Brown County Jail online inmate locator confirms that Plaintiff is no longer at the jail.

On April 15, 2026, the Court noted that it had repeatedly warned Plaintiff that he must notify the Clerk of Court of any changes to his address and that failure to do so could affect his legal rights, including dismissal of this action. *See* Dkt. Nos. 3, 11. Accordingly, the Court ordered Plaintiff to provide updated contact information to the Court by May 5, 2026. The Court warned Plaintiff that, if he failed to do so, this case would be dismissed without prejudice based on Plaintiff's failure to diligently prosecute it. Dkt. No. 12.

The deadline has passed, and Plaintiff did not update his contact information or inform the Court of any challenges preventing him from doing so. Accordingly, the Court will dismiss this action based on Plaintiff's failure to diligently prosecute this action. The Court reminds Plaintiff

that his failure to provide current contact information does not relieve him of his obligation to monitor the Court's docket and comply with the Court's orders. *See Harris v. Emanuele*, 826 F. App'x 567, 569 (7th Cir. 2020).

**IT IS THEREFORE ORDERED** that this action is **DISMISSED without prejudice** based on Plaintiff's failure to diligently prosecute it and based on his failure to comply with the Court's order. Plaintiff's motion for leave to proceed without prepayment of the filing fee (Dkt. No. 2) is **DENIED as moot**. The Clerk of Court shall enter judgment accordingly.

Dated at Green Bay, Wisconsin on May 6, 2026.

s/ *Byron B. Conway*
BYRON B. CONWAY
United States District Judge

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $605.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. § 1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serious physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.

2